ESCUDERO, PETITIONER, v. FOOTE, DISTRICT JUDGE, RESPONDENT
(SABATER, INTERVENOR).

PETITION for a Writ of Certiorari to the District Court of
Mayagüez in a Proceeding for the Appointment of an
Administrator.

No. 209.—Decided February 8, 1918.

ADMINISTRATION—ACCOUNTS—CLAIM OF ADMINISTRATOR AS CREDITOR.—According
to section 58 of the Act relating to special legal proceedings, a court may
order, on the petition of an heir, the termination of the judicial adminis-
tration of the estate by the surviving spouse and grant the administrator
a reasonable period for the presentation of his final accounts.  Further-
more, after hearing the parties and in connection with the settlement of
the final accounts and without necessity of independent litigation, the court
may rule upon a claim of the surviving spouse as creditor of the estate
for expenses incurred and paid by him in connection with the last illness
and burial of the deceased.

The facts are stated in the opinion.

*Mr. Marcelino Romany* for the petitioner.

The respondent did not appear.

*Mr. José Sabater* for the intervenor.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On June 30, 1916, after the decision of this court in *Sa-
bater* v. *Escudero,* 23 P. R. R. 794, petitioner was named by
the District Court of Mayagüez as judicial administrator of
the estate of Juanita Sabater, deceased intestate.

A bond having been filed and approved, the administrator
took possession of the property belonging to the estate and
entered upon the discharge of his official duties.

On November 1, 1917, Teresa Sabater, one of the heirs,
claiming as assignee of the rights and interests of the others
to be sole owner of the estate, subject only to the right of
usufruct as to one-half of the inheritance accruing to peti-
tioner as surviving spouse and susceptible of adjustment and
settlement under section 12 of the law of 1905 (Compi-
lation, Revised Statutes and Codes, p. 688), and alleging

failure to reach an agreement with the administrator in this regard, moved for an order providing—

"(1) That the judicial administration of the estate of Juanita Sabater be wound up;

"(2) That the judicial administrator proceed to render his final accounts;

"(3) That the property of said estate be delivered to Teresa Sabater, the moving party, in order that she may enter into possession thereof;

"(4) That 'out of the urban real estate left by deceased an income from the rentals of specific city property' be assigned to the surviving spouse, 'in order that the other property now belonging to your petitioner shall not continue subject to the usufruct lien, as provided under section 12 of the Act of March 9, 1905.'"

On January 18, 1917, the judicial administrator asked for an order authorizing his reimbursement as creditor for certain expenses alleged to have been incurred and paid by him in connection with the last illness and funeral of deceased.

Petitioner alleges that he opposed the motion of Teresa Sabater as creditor, surviving spouse and judicial administrator on the following grounds:

"(a) Because the judicial administration could not be closed until the administration of the estate was concluded, that is, until all the debts of the deceased, including that owing to petitioner, were paid, and in this case the administration had not funds sufficient to pay such debt;

"(b) Because petitioner understood that until there was a partition of the property of the estate and until the portion accruing in usufruct to the surviving spouse had been allotted to him, or in default thereof until a life income or the rentals from specified property or a sum in cash had been assigned to him it could not be said, nor decreed by the court, that the judicial administration should cease; and

"(c) That the judicial administrator was only bound to file his final account after the closing of the judicial administration."

We find no such pleading in the record nor any evidence

of such opposition beyond the recitals contained in the following order:

"On this 9th day of November, 1917, set for the hearing of a motion filed by Teresa Sabater, as heir of Juanita Sabater, praying that the judicial administration of the estate of said deceased be closed and that the administrator be ordered to render his final accounts, the petitioner by her attorney José Sabater and the administrator José Escudero by his attorney Marcelino Romany having appeared;

"The administrator opposed the motion alleging the existence of unpaid debts and presented an account in his favor amounting to $120.50 for expenses connected with the funeral and last illness of the deseased.

"After hearing the oral arguments of counsel and having examined the record of this case, the court finds that the only debt unpaid is the one in favor of the administrator himself, who cannot accept it as such administrator because he is an interested party; that the notices citing creditors were published on the 2nd, 9th and 16th days of November, 1916, and that the administrator has not proceeded, as was his duty, immediately upon expiration of six months from the date of said publication, to close the administration, about six months more having elapsed without anything being done in this regard and the administration continuing improperly to the prejudice of the heirs;

"The court rules that this administration must come to an end and consequently grants to the administrator José Escudero a period of 20 days to file his final accounts in said administration and grants the petitioning heirs until to-morrow to accept or object to the debt existing in favor of the said administrator, further ordering that if the same is not accepted it shall be deemed as rejected by the court, without prejudice to the right of the creditor to sue for the payment of his claim."

Section 12 of the law of 1905 above referred to reads as follows:

"Section 12.—The heirs may satisfy the surviving spouse for his or her part of the usufruct, assigning to him or her a life annuity, or the proceeds from specified property, or a sum in cash, making a mutual agreement, and, in the absence thereof, by virtue of a judicial mandate.

"Until this has been done, all. the property of the inheritance shall be charged with the payment of the part of the usufruct pertaining to the surviving spouse."

Section 58 of the Law of Special Legal Proceedings provides:

"Section 58.—Any heir, or legatee, or creditor, or surety of an administrator or legal representative of such surety, or any guardian of a minor or incapacitated person, may petition the court that an executor or administrator render his final account, and such petition shall be granted, except that the judge to whom the petition is presented may, in his discretion, deny it if fifteen months have not elapsed since the executor or administrator was appointed, and it appears that for some good reason, based on difficulty and unavoidable delays arising in the administration, it has been impossible to close the administration and render the final account."

It will be observed that the court in its order did not grant at once all that was requested in the motion of Teresa Sabater, but simply held that the administration must be wound up, and with a view to this end granted the administrator a reasonable period for the presentation of his final accounts. The matters referred to in the third and fourth subdivisions of the prayer were properly reserved pending the presentation and approval or settlement of such accounts. The action of the court in rejecting the claim of the administrator as a creditor of the estate in the manner in which this was done was perhaps somewhat hasty and premature if not reversible error, although as the record shows the patience of the judge had been sorely tried. We see no reason why this matter could not be determined by the court, after hearing the parties and in connection with the settlement of the final accounts, without the necessity of independent litigation. No doubt by the time these accounts are presented there will be sufficient cash on hand to cover this claim in the event of its approval if plaintiff should be able to prove the same as a proper claim against the estate.

A full history of this administration would unnecessarily

prolong this opinion. It will suffice to say that the manner in which it has been conducted more than justifies the conclusion reached by the district court as to the propriety of closing the same.

We find no error either of jurisdiction or of procedure in the action taken by the district court beyond the suggestion already made with reference to the claim of the administrator to reimbursement for funeral expenses, and the writ heretofore issued herein must be annulled.

*Writ discharged.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.